UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No.: 21-cr-013 (RJL) |
| | : | |
| | : | |
| LEON WINDER, | : | |
|           Defendant. | : | |
| | : | |

**SUPPLEMENT TO UNITED STATES' SENTENCING MEMORANDUM**

The government noted in the Government's Memorandum in Aid of Sentencing (ECF No. 30, P. 6) that the Fourth Circuit had certified a question to the Maryland Court of Appeals asking whether Maryland robbery may be committed "by means of threatening force against property or threatening to accuse the victim of having committed sodomy." *United States v. Dickson*, No. 19-4226, 2021 WL 3630032 (4th Cir. Aug. 17, 2021).  On April 25, 2022, the Maryland Court of Appeals issued its decision, definitively answering "no."  *United States v. Dickson*, Misc. No. 7, 2022 WL 1210126, at *1 (Md. App. Ct. Apr. 25, 2022).  As it went on to explain:

> We determine that Maryland robbery has never included alternative modalities based on threats to property or threats to accuse another of sodomy. But even if one or both of these modalities became part of Maryland common law in 1776, this Court subsequently defined the elements of robbery without referencing threats to property or threats to accuse another of sodomy. It was this judicially determined meaning of robbery – which only included the use or the threatened use of force against the person – that the General Assembly codified in 2000.

*Id.* at *5.

Because the offense of robbery in Maryland requires an element of force, it thus satisfies the elements clause.   Specifically, Maryland robbery *only* includes "the use or the threatened use of force against the person," as determined by the Maryland Court of Appeals – not the alternative

theories based on threats to property or threats of sodomy.  It thus satisfies the "elements clause" in the definition of "crime of violence" under U.S.S.G. § 4B1.2(a)(1), covering any offense "that "has as an element the use, attempted use, or threatened use of physical force against the person of another."

Put simply, the Maryland Court of Appeals' decision leads to the definitive conclusion that Maryland robbery constitutes a "crime of violence."

## CONCLUSION

For the forgoing reasons and those stated in the United States' March 29, 2022, sentencing memorandum, the Government respectfully requests that the Court find that Defendant Winder's conviction for Maryland conspiracy to commit robbery is a "crime of violence" under U.S.S.G. § 4B1.2, and therefore calculate his appropriate guideline range as 63-78 months.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:   /s/ Samuel Frey
SAMUEL FREY
PA Bar No. 321856
Assistant United States Attorney
Federal Major Crimes Section
601 D Street, N.W.
Washington, D.C. 20530
(202) 252-7124
Samuel.Frey2@usdoj.gov

May 9, 2022